1

**COHELAN & KHOURY**
Timothy D. Cohelan, Esq., SBN 60827
2 Isam C. Khoury, Esq., SBN 58759
Michael D. Singer, Esq., SBN 115301
3 Diana M. Khoury, Esq., SBN 128643
605 C Street, Suite 200
4 San Diego, CA 92101-5305
Telephone:  (619) 595-3001
5 Facsimile:   (619) 595-3000
tcohelan@ck-lawfirm.com
6 msinger@ck-lawfirm.com
dkhoury@ck-lawfirm.com
7 ikhoury@ck-lawfirm.com

8 **LAW OFFICES OF MICHAEL J. PROCOPIO**
Michael J. Procopio, Esq., SBN 137318
9 Jill S. Kramer, Esq., SBN 172229
2677 N. Main Street, Suite 860
10 Santa Ana, CA 92705
TEL: (714)541-1550
11 FAX: (714) 541-1770
mike@procopiolaw.com
12
Attorneys for Plaintiff Alia Loh Woo,
13 on behalf of herself and all others similarly situated

14 UNITED STATES DISTRICT COURT

15 SOUTHERN DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| ALIA LOH WOO, on behalf of herself and all others similarly situated, | **Case No.  07 -CV-0202 H (POR)** |
| | **CLASS ACTION** |
| Plaintiffs, | **DECLARATION OF ISAM C. KHOURY IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS, ENHANCEMENT, AND CLAIMS ADMINISTRATION EXPENSES** |
| v. | |
| THE HOME LOAN GROUP, L.P. CHASE VENTURES HOLDINGS, INC., a New Jersey Corporation, | DATE:      August 18, 2008<br>TIME:       10:30 a.m<br>DEPT:      13 |
| Defendants. | Filed:     January 31, 2007<br>Trial Date:  None Set |

17
18
19
20
21
22
23
24
25
26
27
28

1    I, ISAM C. KHOURY, declare as follows:

2       1.       I am a partner with the law firm of Cohelan & Khoury, co-counsel of

3    record for Plaintiff and the putative class in this matter. I am duly admitted to

4    practice before all the courts of the state of California. The following facts are

5    within my personal knowledge and if called to testify I could and would

6    competently testify thereto.

7       2.       I am a 1973 Hastings School of Law graduate and was admitted to

8    the California State Bar in 1974.

9       3.       Since admission to the California State Bar, I have been in continuous

10   practice for over 33 years.  My main areas of practice have included class action,

11   wage and hour, business torts and civil tort litigation.  I have handled literally

12   thousands of civil cases since my admission to practice.  Over the years, I have

13   tried many civil actions, both jury and non-jury to verdict.  I routinely engage in

14   extensive and detailed legal and evidentiary dialogues with opposing counsel that

15   often leads to case settlement.

16      4.       In 1981, my partner, Timothy D. Cohelan, and I formed Cohelan &

17   Khoury, a Partnership of Professional Law Corporations and within a few years

18   began to focus on class actions.  Our firm represents plaintiffs in complex and class

19   action litigation, including wage and hour, labor and employment, antitrust,

20   consumer protection, construction defect and other public interest class actions.

21      5.       Our firm is an accredited MCLE provider on class action law, and

22   Managing Partner Michael D. Singer regularly participates as an MCLE seminar

23   presenter, particularly on wage and hour class action issues.  My partner, Timothy

24   D. Cohelan, is  the author of *Cohelan on California Class Actions* (1997-2007

25   Thomson West), part of Thomson West's Expert Series.  Mr. Singer is a contributor

26   to the Los Angeles Daily Journal on class action and employment issues and

27   regularly contributes amicus curaie briefs on employment issues for the California

28   Employment Lawyers Association. Mr. Singer argued on behalf of California

1  Employment Lawyers Association ("CELA") in the *National Steel and*
2  *Shipbuilding Company v. Superior Court* (2006) 135 Cal.App.4th 1072, and, on
3  behalf of CELA, submitted an amicus curiae brief in *Murphy v. Kenneth Cole*
4  *Productions, Inc.*, (2005) 134 Cal.App.4th 728; The *Murphy* decision ((2007) 40
5  Cal. 4th 1094) was issued on April 16, 2007, finding in favor of a three-year statute
6  of limitations.

7       6.    As a part of our overall firm philosophy lawyers perform community
8  service and pro bono work.  Firm volunteer work includes service through our local
9  volunteer lawyer program (SDVLP) and Voices for Children.  Last year Timothy
10  D. Cohelan completed 24 years of volunteer judicial service as a Judge Pro Tem of
11  the San Diego Superior court.  More recent pro bono victories include a settlement
12  with the City of San Diego which prohibited the City from targeting homeless
13  persons for illegal lodging tickets under Penal Code Section 467(j). (Spencer v.
14  City of San Diego, USDC Case No 04CV-2314 BEN (WMC).)   Associates are
15  encouraged to perform pro bono legal services.  For example, Kimberly D. Neilson
16  participated in a class action trial advocating on behalf of low-income tenants for
17  local rent control ordinance violations in which resulted in a verdict on the tenants'
18  behalf.  She also has been an active member of Lawyers Club of San Diego having
19  served as a committee member and as a volunteer for the annual Women's
20  Resource Fair and devotes approximately 15 hours each month volunteering and
21  advocating on behalf of San Diego County foster youth with Voices for Children,
22  the local affiliate of Court Appointed Special Advocates.  Christopher A. Olsen
23  works with the Short Foundation Legal Center, representing indigent people who
24  are resisting the County's efforts to place them under a County Mental Health
25  Conservatorship.  Alexander A. Dychter volunteers his time to the San Diego
26  Volunteer Lawyers program.

27       7.    Cohelan & Khoury has recognized expertise and experience in efficient
28  class action adjudication and resolution.  Within the last five years, Cohelan &

1   Khoury has played a central role in the resolution of the following class action

2   cases which have received final approval by the Court:   *Mayville, et al. v. Kor*

3   *Hotel Group, L.L.C.*, United State District Court Case No.CV04-8461 [rest and

4   meal period claims for hotel employees], *Higgins, et al. v. Kohl's Department*

5   *Stores, Inc., et al.*, San Diego County Superior Court Case No. GIC832853

6   [consumer claims relating to sweepstakes contest], *Miller v. Men's Wearhouse, Inc,*

7   Orange County Superior Court Case No. 03CC00132 [overtime misclassification

8   claims by retail managers], *Erickson, Maddox v. Bath & Body Works.*, San Diego

9   Superior Court Case No. GIC823899 [rest and meal period claim by retail

10  employees], *Seautelle v. Tuesday Morning, Inc.*, San Diego Superior Court Case

11  No. GIC822747 [meal period claim by retail employees], *Lynch v. Matrix Direct,*

12  *Inc.*, San Diego Superior Court Case No.GIC834808 [overtime misclassification

13  claim by insurance salespeople];   *Hogue* v. *WH Smith of Nevada Inc., et al.*, San

14  Diego Superior Court Case No. GIC830653 [rest, meal, and off-the-clock claims by

15  retail employees],  *Robles v Del Taco, Inc.*, Orange County Superior Court Case

16  No.03CC00529 [rest, meal, and off-the-clock claims by restaurant employees],

17  *Montano v. Nextel of California, Inc.*,, Orange County Superior Case No.

18  03CC04391 [expense reimbursement claim by commission employees], *Holden v.*

19  *Volume Services of America*, Orange County Superior Court Case No.03CC00191

20  [rest and meal period claim by concessionaires], *AT&T WIRELESS COMMISSION*

21  *CASES*, Santa Clara Superior Court Case No. JCCP 4337 [wage deduction claim

22  by commission employees], *Miles v. Kaiser Foundation Hospitals*,  Los Angeles

23  Superior Court Case No. BC 343535 [OT misclassification claim by IT employees],

24  *Bates v. Haralambos*, Los Angeles Superior Case No. BC329787 [rest and meal

25  period claim by delivery drivers], *Bennett v. Countrywide,* San Diego Superior

26  Court, Case No. GIC840981 [expense reimbursement claim by commission

27  employees], *Hayhurst et al., v. Barclays Global Investors USA, Inc.*, San Francisco

28  Superior Court, Case No. CGC 05-443473 [OT misclassification claim by IT

1 employees], *Mabry v. Pete's Connection*, Orange County Superior Court, Case No.

2 04CC00509 [OT claim by installers]; *Tayrien v. U.S. Foodservice, Inc.*, Orange

3 County Superior Court, Case No.  No. 05CC00023 [OT claim by office personnel],

4 *Lawrence, Vierling v. Robinsons-May, Inc.*, San Diego Superior Court, Case No.

5 GIC 863727 [rest and meal period claim by retail employees], *Ryberg, Schmidt v.*

6 *Applebee's International, Inc.,* San Diego Superior Court Case No. GIC 854304

7 [[OT misclassification claim by restaurant managers],  *Shriver, et al. v. M.A.C.*

8 *Cosmetics*, United States District Court Case No. SACV 06-601 [OT

9 misclassification claim for retail managers and rest and meal period claim for

10 hourly retail employees], *Huang v. SBC Services, Inc., et al.*, United States District

11 Court Case No. 06-CV-2238 [OT misclassification claim by IT employees],

12  *Clark, et al. v. Michaels Stores, Inc.*, United States District Court, Southern

13 District of California, Case No. 05-CV1678  [rest and meal period claim by retail

14 employees], and *Chiaramonte v. Pitney Bowes, Inc.*, United States District Court,

15 Southern District of California, Case No. 06-CV1507 [expense reimbursement

16 claim by commission employees], among others.

17      8.   I was one of the lead attorneys on this matter, having investigated and

18 evaluated the class claims for failure to fully reimburse business-related expenses

19 incurred by these putative class members in furtherance of Defendant's business

20 and, reviewed and analyzed documents and data produced by Defendant, prepared

21 the mediation brief and attendant exhibits, and attended and participated in the

22 mediation on November 16, 2007.

23      9.   The Parties have negotiated a maximum settlement amount of

24 $500,000, on behalf of the class of 134 current and former employees of

25 Defendants employed as Loan Officers in the State of California during the Class

26 Period.

27      10.   Class Counsel is convinced that this settlement is in the best interest of

28 the class based on the negotiations and a detailed knowledge of the issues present

1  in this action.   Specifically, Class Counsel balanced the terms of the proposed

2  settlement against the probable outcome of class certification, summary judgment,

3  liability and the range of recovery at trial.

4        11.   As a result of the Class Counsel's efforts, **38% (51 of 134)** of the

5  Class have returned valid and timely claim forms.[1]  These Participating Class

6  Members' work weeks represent **42%** of all weeks worked by the Class.  These

7  Participating Class Members claim **42%** of the Net Settlement Amount, or rather

8  **$126,383.88**.  Without a single objection or any request for exclusion filed, Class

9  Counsel submit that the class has embraced the settlement

10        12.   Pursuant to the terms of the settlement, Class Counsel now

11  respectfully move for an award of attorneys' fees in the sum of $150,000 (30%)%

12  of the settlement fund, litigation costs of $13, 099.14, Class Representative

13  Enhancement award of $7,500 to Named Plaintiff/Class Representative Alia Loh

14  Woo, and claims administration fees and expenses to the appointed claims

15  administrator, Administar, LLC of $15,221.47.

16        13.   Class Counsel submits the fee request is fair and reasonable in light of

17  the benefits of providing compensation for business-related expenses, ensuring

18  future benefits for proper compliance with California law with respect such

19  reimbursement claims, the substantial hours and efforts expended by Class

20  Counsel, the litigation risks and complexity of the case, the experience of counsel,

21  and the fees commonly awarded in cases of this type.  Class Counsel's request is

22  predicated on the extensive lawyering by experienced Class Counsel that resulted

23  in a settlement less experienced counsel likely could not have reached

24        14.   This class action was filed more than 17 months ago, and for Class

25  Counsel, the fees were wholly contingent in nature, and Class Counsel's attention

26

27        [1] For details pertaining to the Class' participation and the claims process, see the
Declaration of Jonathan Jocson, for claims Administrator, Administar, LLC., in support of
28  Plaintiff's Motion for Final Approval of Class Action Settlement, filed concurrently herewith.

1  to this difficult case was undertaken in lieu of work on other cases. To properly

2  handle and prosecute active class action litigation such as this case, Cohelan &

3  Khoury, as well as myself are often precluded from accepting or working on other

4  potential fee-producing cases, due to the attention and requisite work to

5  successfully handle these cases. Cohelan & Khoury's attention to this difficult case

6  was undertaken in lieu of work on other cases. Cohelan & Khoury takes these

7  cases purely on a contingent fee basis, paying all costs in advance, at considerable

8  risk with the ultimate result open to question. Practicing in this area of law involves

9  a great deal of risk as these cases are subject to demurrer and summary judgement,

10  can be lost at class certification hearings, on the merits, or on appeal. We are

11  almost always dealing with the top law firms in the country who represent the

12  defendants in these cases. Due to the high stakes involved, and the continuing

13  uncertainties in the wage and hour area of law, these cases are always hotly

14  contested and vigorously litigated. This case was no exception.

15       15.   These cases require the constant engagement of my firm members

16  from inception to resolution. Extensive work is required to obtain information

17  from large groups of employees, to conduct independent investigations to locate

18  and interview potential witnesses to establish common treatment to support class

19  certification, to support liability, to maintain contact with class representatives, and

20  others and to distribute and disseminate information to facilitate the litigation and

21  resolution of the case on a regular basis. Extensive written and oral formal

22  discovery and motion work is also required in these cases, as well as the necessary

23  work to support class certification, and then to prepare for trial.

24       16.   The risks in taking on a class action case are enormous. Litigating a

25  wage and hour class action through certification, and then trial takes years and

26  requires the investment of thousands of dollars. Costs in the present case did not

27  reach that level, but attorneys willing to undertake this risk deserve appropriate

28  compensation. Cohelan & Khoury and Michael J. Procopio have incurred costs of

1  approximately $13,099.14 in this case, true and correct copies of a summary of

2  costs and Cohelan & Khoury's itemized costs are attached hereto as Exhibit "A".

3      17.    Class Counsel has not yet received any fees in this case and has

4  advanced all costs.  By contrast, Defendants' firms are able to bill their clients on a

5  monthly basis and regularly receive payment.

6      18.    Class Counsel expended many hours litigating this case.  Once

7  discussions were initiated regarding the possibility of settlement, the parties agreed

8  to stay formal discovery.  Plaintiff informally requested documents from

9  Defendants and Defendants produced several hundred pages of documents which

10  included Defendants' policies and procedures manuals and handbooks,

11  compensation policies, employee handbook, policy statements, incentive plans, and

12  various addendum, for the relevant time period.  Defendants also produced a

13  spreadsheet containing data which reflected class members' business- related

14  expenses and amounts actually reimbursed.  Plaintiff's counsel and her consultant

15  reviewed and analyzed the records and based on that evaluation believed that

16  Defendants failed to fully reimburse business expenses incurred by Class members

17  as required by the Labor Code.

18      19.    In addition, Class Counsel conducted informal interviews of other

19  material witnesses, conducted other forms of investigation during the prosecution

20  of this case, analyzed the potential class-wide damages, and researched the

21  applicable law with respect to the claims asserted in the Complaint and Defendants'

22  affirmative defenses and other potential defenses.

23      20.    Many courts have awarded attorneys fees 30% or greater of the

24  settlement amount:

25      A.    *In re Ampicillian Antitrust Litigation* (D.D.C. 1981) 526 F. Supp. 494

26           (awarded 45%);

27      B.    *Birch v. Office Depot*, S. D. Cal. 2007, United States District Court

28           Case No. 06- CV 1690 (awarded 40%);

C.   *Van Gemert v. Boeing Co.* (S.D.N.Y. 1981) 516 F. Supp.412 (awarded 36%);

D.   *In Re Crazy Eddie Securities Litigation* (E.D.N.Y. 1993) 824 F.Supp. 320 (awarded 33.8 %);

E.   *Antonopulos v. North American Thoroughbreds, Inc.* (S.D. Cal. 1991) Fed. Sec. L. Rep. (CCH), ¶ 96,058 (awarded 33 1/3%);

F.   *Cullen v. Whitman Medical Corp.* (E.D. Pa. 2000) 197 F.R.D. 136 (awarded 33 1/3%);

G.   *In Re Pacific Enterprises Securities Litigation,* (1995 U.S. App. LEXIS 2330) 47 F.3d 373 (awarded 33 1/3%);

H.   *In Re Safety Components International, Inc.* (D.N.J. 2001) 166 F.Supp.2d 72 (awarded 33 1/3%);

I.   *Morris v. Lifescan, Inc.*, (9th Cir. 2003) 54 Fed. Appx. 663 (awarded 33%);

J.   *In re Activision Securities Litigation* (N.D. Cal. 1989) 723 F. Supp. 1373 (awarded 32.8%); and

K.   *Clark, et al. v. Michaels Stores, Inc.*, United States District Court for the Southern District of California, Case No. 05-CV1678(2007) (awarded 30%);.

21.   With regard to the requested enhancement, and based on our experience working with Ms. Woo, and from what I have seen awarded in other cases, I believe the Class Representative Enhancement request of $7,500 is both fair and reasonable.

22.   Ms. Woo made numerous telephone calls to and answered questions from Class Counsel who required considerable information pertaining to Defendants' policies and procedures for business-related expense reimbursement. Ms. Woo has always been available to respond to Class Counsel's inquiries.  Ms. Woo also flew from San Francisco to San Diego to attend the Early Neutral

1   Evaluation Conference.

2        23      Ms. Woo was involved in the settlement process.  Although not

3   attending the mediation, Ms. Woo was available by phone throughout the entire

4   day and advised Class Counsel on circumstances relevant to settlement

5   considerations, understood, and gave her approval to the proposed settlement.  In

6   addition, Ms. Woo provided numerous documents which were provided to

7   Defendants and facilitated a meaningful mediation and eventual settlement.

8        24.     Class Counsel have settled numerous other similar class actions where

9   such  enhancements were awarded, including, for example, enhancements in pre-

10   certification settlements of $35,000 in a failure to reimburse business-related

11   expenses employment, $30,000 in four other cases, and $25,000, $20,000, $15,000,

12   $10,000, $7,500, and $5,000 per class representative in numerous other

13   employment cases.

14        I declare under penalty of perjury under the laws of the State of California

15   that the foregoing is true and correct and that this Declaration was executed on July

16   16, 2008 at San Diego, California.

17

18                          /s/ Isam C. Khoury
                            ISAM C. KHOURY
19

20

21

22

23

24

25

26

27

28

1

## TABLE OF EXHIBITS

2  Exhibit

3  A.      Cost Summary & Itemization of Costs

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A
# [COSTS SUMMARY & ITEMIZATION]

*Woo v. The Home Loan Group, L.P., et al.*
U.S.D.C. Case No. 07CV0202 H (POR)
Declaration of Isam C. Khoury in Support of
Motion for an Award of Attorneys' Fees, Costs,
Enhancement, and Claims Administration
Expenses

## SUMMARY OF COSTS:
*Woo v. The Home Loan Group, L.P., et al.*
U.S.D.C. Case No. 07CV0202 H (POR)

### COSTS ADVANCED

| | | |
|---|---|---|
| **COHELAN & KHOURY** | | $   9,262.14 |
| **KINGSLEY & KINGSLEY** | | $   3,837.00 |
| | **TOTAL COSTS:** | $   13,099.14 |

# COHELAN & KHOURY
A PARTNERSHIP OF PROFESSIONAL LAW CORPORATIONS

### ATTORNEYS AT LAW

TIMOTHY D. COHELAN, * APLC
ISAM C. KHOURY, APC
DIANA M. KHOURY
MICHAEL D. SINGER ·

**605 "C" STREET, SUITE 200**
**SAN DIEGO, CALIFORNIA  92101-5305**
**Telephone: (619) 595-3001**
**Telephone: (619) 595-3000**

ck-lawfirm.com

J. JASON HILL†
KIMBERLY D. NEILSON
CHRISTOPHER A. OLSEN
ALEXANDER I. DYCHTER*

(*Also admitted in theDistrict of Columbia)
( · Also admitted in Colorado)
(† Also admitted in Illinois)

## Summary of Costs
## Woo v. JP Morgan (Chase)
## 7/14/07

| Date | Payee | Description | Amount |
|---|---|---|---|
| 1/30/07 | Clerk of Court | Filing Fee | 350.00 |
| 2/8/07 | Janney & Janney | SOP: JP Morgan Chase Bank, Inc. | 45.00 |
| 2/27/07 | Clerk of Court | Filing Fee | 40.00 |
| 3/31/07 | Lexis Nexis | On-Line Research | 1.47 |
| 6/1/07 | Janney & Janney | SOP: The Home Loan Group, LP | 20.00 |
| 6/1/07 | Janney & Janney | SOP: The Home Loan Group, et al | 80.00 |
| 7/12/07 | Mark S. Rudy, APC | Mediation Fee (11/16/07) | 2250.00 |
| 7/31/07 | Lexis Nexis | On-line Research | 28.53 |
| 10/10/07 | Southwest Airlines | Client Alia Woo (SF-SD) Hearing (So. District Ct.) | 282.80 |
| 10/22/07 | Southwest Airlines | Flight for MDS (SD-OAK) 11/16 Mediation | 282.80 |
| 10/22/07 | Southwest Airlines | Flight for ICK (SD-OAK) 11/16 Mediation | 282.80 |
| 11/1/07 | Southewest Airlines | Flight for TC (SD-OAK) 11/16 Mediation | 271.80 |
| 11/15-16 | Isam Khoury | Hotel SF (TC/MDS/ICK) | 1566.75 |
| 11/7/07 | Phillips Fractor Gorman | Consulting | 3174.00 |
| | In House | Photocopies (2,170 pages@ .25 per page) | 542.50 |
| | In House | Facsimile (20 pages @$1.00 per page) | 20.00 |
| | In House | Postage | 11.11 |
| | In House | Telephone | 12.58 |
| | **Total** | | **9,262.14** |