# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIA LOH WOO, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiffs,<br>　vs.<br><br>THE HOME LOAN GROUP, L.P. CHASE VENTURES HOLDINGS, INC., a New Jersey corporation,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 07-CV-202 H (POR)<br><br>**ORDER FINALLY APPROVING SETTLEMENT AND GRANTING IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND OTHER EXPENSES** |

On May 14, 2007, named plaintiff Alia Loh Woo filed a first amended complaint against The Home Loan Group, L.P. and Chase Ventures Holdings, Inc. (Doc. No. 10.) Plaintiff's complaint alleged violations of the California Labor Code and Business & Professions Code, as well as a claim for conversion. (Id.) The first amended complaint arose out of Defendants' alleged failure to reimburse certain business related expenses.

On July 27, 2007, the Court issued an order granting in part and denying in part Defendants' motion to dismiss Plaintiff's complaint. (Doc. No. 22.) Defendants filed an answer to Plaintiff's complaint on August 10, 2007. (Doc. No. 23.)

In November of 2007, the parties engaged in arms-length negotiations before a respected and experienced wage and hour mediator. (Decl. of Isam C. Khoury ISO Motion for Final Approval of Class Action Settlement ("Khoury Decl.") ¶ 9.) Following those

negotiations, the parties entered into a settlement agreement. The parties' agreement calls for a total settlement of up to $500,000, with a net settlement amount of approximately $301,000 after deduction of attorneys' fees, litigation costs, an enhancement award to the named plaintiff, the costs of administering the settlement, and payroll taxes. (See Khoury Decl. ¶¶ 10-12.) The settlement fund will be distributed to class members who submit a valid and timely claim form pursuant to a formula to determine the class member's proportional share of the net settlement amount based upon the number of weeks the individual worked for Defendants during the class period in relation to the number of weeks worked by all members of the class during the class period. (Khoury Decl. ¶ 12.) Based on this formula, participating class members will receive approximately $32.81 for each week worked during the class period. (Id.)

On February 1, 2008, Plaintiff filed a motion for conditional class certification and preliminary approval of the proposed class action settlement. (Doc. No. 31.) On February 29, 2008, the Court granted Plaintiff's motion. (Doc. No. 32.) The Court conditionally certified a class for settlement purposes only, granted preliminary approval to the parties' proposed settlement, and ordered that the Court-approved notice of the proposed settlement, see Fed. R. Civ. P. 23(c)(2)(B), be directed to class members. (Doc. No. 32.)

On April 14, 2008, the Court-approved notice and claim form was mailed to the 134 members of the class. (See Khoury Decl. ¶ 14.) On June 6, 2008, a reminder postcard was mailed to each member of the class who by that date had not returned a claim form or request for exclusion. (Id. ¶ 15.) As of June 16, 2008, the deadline to submit claim forms, 51 class members had submitted claim forms and no class member requested exclusion from the settlement class or objected to the proposed settlement. (Id. ¶ 17.) Two class members submitted late claim forms, but the parties negotiated for the acceptance of those claims as timely to be paid pursuant to the settlement. (Khoury Decl. ¶ 17.)

On July 16, 2008, Plaintiff filed a motion for final approval of the proposed settlement and a motion for award of attorneys' fees, costs, class representative enhancement and claims administration expenses. (Doc. Nos. 33, 34.) The Court held a hearing on August 18, 2008.

1  Timothy Cohelan and Diana Khoury appeared for Plaintiff. Michael Aparicio represented
2  Defendant. No individual appeared to object to the proposed settlement. (See Doc. No. 38.)
3  At the conclusion of the hearing, the Court submitted the motions and requested a
4  supplemental brief from Plaintiff regarding the amount of attorneys' fees requested. On
5  August 21, 2008, Plaintiff filed a brief in accordance with the Court's order. (Doc. No. 39.)

6  After due consideration of the evidence and arguments presented to the Court in the
7  parties' moving papers as well as at the August 18, 2008 hearing, the Court concludes that
8  good cause exists to finally approve the proposed settlement. Additionally, as discussed
9  below, the Court grants Plaintiff's motion for an award of attorneys' fees in the amount of
10 $125,000. The Court grants Plaintiff's motion for costs, a class representative enhancement
11 and claims administration expenses.

## Discussion

### I.  CLASS CERTIFICATION

#### A.  Rule 23(a) – Prerequisites

The Court's "threshold task is to ascertain whether the proposed settlement class satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure applicable to all class actions, namely: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). "The prerequisite of numerosity is discharged if the class is so large that joinder of all members is impracticable." Id. Sufficient commonality exists "if there are questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2); see Hanlon, 150 F.3d at 1019. "The typicality prerequisite of Rule 23(a) is fulfilled if the claims or defenses of the representative parties are typical of the claims or defenses of the class." Hanlon, 150 F.3d at 1020. The representative's claims "need not be substantially identical" to all class members' claims. Id. Based upon the allegations of the first amended complaint and the evidence provided to the Court, the Court concludes that the settlement class meets the prerequisites of numerosity, commonality and typicality.

Rule 23(a) also requires that all class members' interests be adequately represented.

1  Fed. R. Civ. P. 23(a)(4).  "Resolution of two questions determines legal adequacy: (1) do
2  the named plaintiffs and their counsel have any conflicts of interest with other class
3  members and (2) will the named plaintiffs and their counsel prosecute the action vigorously
4  on behalf of the class?"  <u>Hanlon</u>, 150 F.3d at 1020.  Based on the evidence presented to the
5  Court, the Court concludes that these requirements are satisfied.

6  **B.  Additional Requirements – Rule 23(b)**

7  In addition to the prerequisites of Rule 23(a), the parties must show that the action is
8  maintainable under Rule 23(b)(1), (2) or (3).  <u>Amchem Products, Inc. v. Windsor</u>, 521 U.S.
9  591, 614 (1997); <u>Hanlon</u>, 150 F.3d at 1022.  A class meets the requirements of Rule
10 23(b)(3) whenever it is in the parties' best interests to settle their differences in a single
11 action.  <u>Hanlon</u>, 150 F.3d at 1022.  The class must satisfy two conditions: "common
12 questions must predominate over any questions affecting only individual members, and
13 class resolution must be superior to other available methods for the fair and efficient
14 adjudication of the controversy."  <u>Id.</u>; Fed. R. Civ. P. 23(b)(3).  The first requirement is
15 distinct from the "commonality" prerequisite of Rule 23(a) and may be satisfied by
16 showing that the litigation is dominated by a "common nucleus of facts and potential legal
17 remedies."  <u>Hanlon</u>, 150 F.3d at 1022.  The Court concludes that these requirements are
18 satisfied in this case.  Accordingly, the Court finally certifies for settlement purposes the
19 proposed class.

20 **II.  FINAL APPROVAL OF PROPOSED SETTLEMENT**

21 Rule 23 of the Federal Rules of Civil Procedure provides that "[t]he court must
22 approve any settlement, voluntary dismissal, or compromise of the claims, issues, or
23 defenses of a certified class."  Fed. R. Civ. P. 23(e)(1)(A).  The Rule further states, "[t]he
24 court may approve a settlement, voluntary dismissal, or compromise that would bind class
25 members only after a hearing and on finding that the settlement, voluntary dismissal, or
26 compromise is fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(1)(C); <u>see</u> <u>Class</u>
27 <u>Plaintiffs v. City of Seattle</u>, 955 F.2d 1268, 1276 (9th Cir. 1992).  In evaluating a settlement
28 the Court must "balance a number of factors: the strength of the plaintiffs' case; the risk,

1  expense, complexity and likely duration of further litigation; the risk of maintaining class
2  action status throughout the trial; the amount offered in settlement; the extent of discovery
3  completed and the stage of the proceedings; the experience and views of counsel; the
4  presence of a governmental participant; and the reaction of the class members to the
5  proposed settlement." Hanlon, 150 F.3d at 1026; see Torrisi v. Tucson Elec. Power Co., 8
6  F.3d 1370, 1375 (9th Cir. 1993).  "The relative degree of importance to be attached to any
7  particular factor will depend upon . . . the nature of the claim(s) advanced, the type(s) of
8  relief sought, and the unique facts and circumstances presented by each individual case."
9  Officers For Justice v. Civil Serv. Comm'n., 688 F.2d 615, 625 (9th Cir. 1982); see also
10 Hanlon, 150 F.3d at 1026 ("It is the settlement taken as a whole, rather than the individual
11 component parts, that must be examined for overall fairness.").
12       Here, upon review of all the evidence submitted by the parties, the Court concludes
13 that the settlement considered as a whole is fair, adequate and reasonable.  In addition to
14 uncertainty regarding whether a class would be certified and, if so, whether class action
15 status could be maintained for the duration of a trial, the parties faced many hotly contested
16 legal issues regarding an employer's obligation to reimburse business-related expenses.
17 The proposed settlement was reached after sufficient factual investigation and legal
18 research for counsel for both sides, who possess substantial experience in this type of
19 litigation, to evaluate the strengths and weaknesses of their respective positions.  (See
20 Khoury Decl. ¶¶ 8, 20, 22.)  The proposed settlement was the produce of informed arms-
21 length negotiations before an experienced and respected mediator.  Class counsel reached
22 the informed judgment that the proposed settlement is in the best interest of the class.
23 (Khoury Decl. ¶ 21.)  Finally, the Court notes that the class members' reaction to the
24 proposed settlement has been favorable.  A significant portion of the class has elected to
25 participate in the settlement by submitting valid and timely claim forms, and no class
26 member has objected to the proposed settlement or requested exclusion from the settlement
27 class.  (See Khoury Decl. ¶ 17.)  In light of the above, as well as the Court's own review of
28 the proposed settlement, the Court concludes that the settlement is fair and reasonable and

therefore warrants final approval at this time.

### III.   Attorneys' Fees, Enhancement Award, Costs and Expenses

Also before the Court is Plaintiff's motion for an order approving payment of attorneys' fees, an enhancement award of $7,500 to the named plaintiff, reimbursement to class counsel of $13,099.14 in litigation expenses, and payment to the claims administrator of $15,221.47 for services rendered in connection with the administration of the settlement. (Doc. No. 34.)

In a class action the court upon motion "may award reasonable attorney fees and nontaxable costs authorized by law or by agreement of the parties." Fed. R. Civ. P. 23(h). In "common fund" cases like this one, the Ninth Circuit has stated that "the district court has discretion to use either a percentage or lodestar method" to determine what constitutes a reasonable fee. Hanlon, 150 F.3d at 1029. The Court concludes that the percentage method is appropriate in this case, particularly because counsel has not provided information from which counsel's lodestar could be determined.

Under the percentage method, "the court simply awards the attorneys a percentage of the fund sufficient to provide class counsel with a reasonable fee." Id. The Ninth Circuit has established 25% of the common fund as a "benchmark" for what constitutes a reasonable fee. Id.; see Six Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990). The benchmark percentage can be adjusted based on the circumstances of a particular case. Paul, Johnson, Alston & Hunt v. Gaulty, 886 F.2d 268, 272 (9th Cir. 1989). Here, counsel originally requested attorneys' fees of $150,000, which is 30% of the settlement fund amount. (Doc. No. 34.) After the August 18, 2008 hearing, Plaintiff's counsel submitted a supplemental brief in which counsel clarified that it would not seek an award above the benchmark amount of 25%, and that counsel therefore accepts an award of $125,000 consistent with the benchmark amount. (Doc. No. 39.) After carefully reviewing the request and considering all the circumstances of this case, the Court concludes that 25% constitutes a reasonable fee. The Court concludes that the settlement confers a significant benefit on the members of the settlement class and that class counsel

1  adequately represented the plaintiff class.  The Court concludes that the circumstances of
2  this particular case do not justify exceeding the 25% amount that the Ninth Circuit has
3  established as the benchmark for a reasonable fee.  See Six Mexican Workers v. Arizona
4  Citrus Growers, 904 F.2d at 1311.  Accordingly, the Court approves an award of attorneys'
5  fees in the amount of $125,000.

6       The Court approves for good cause shown the requested awards of $13,099.14 in
7  litigation expenses, a $7,500 enhancement award for the named plaintiff, and $15,221.47 in
8  settlement and claims administration expenses.

## Conclusion

10       In light of the foregoing, the Court ORDERS as follows:
11       1.    The Court finds that the Settlement Agreement was entered into in good faith
12  and that it constitutes a fair, reasonable and adequate compromise between the Parties.
13       2.    The Court finds and finally certifies the for the purposes of this settlement
14  pursuant to Fed. R. Civ. P. 23, a class defined as "All The Home Loan Group, L.P.,
15  employees employed as Loan Officers at any time from January 31, 2003 through January
16  31, 2008."
17       3.    If the Judgment and the settlement do not become final and effective in
18  accord with the terms of the Settlement Agreement, then the Judgment and all orders
19  entered in connection therewith shall be deemed null and void and shall be vacated.
20       4.    This Court has jurisdiction over the subject matter of this Litigation and over
21  all Parties to this litigation.
22       5.    Distribution of the Notice of Pending Class Action, Proposed Settlement, and
23  Hearing ("Notice") to members of the Settlement Class as described in the Settlement
24  Agreement and as preliminarily approved by the Court, has been completed in conformity
25  with the Order of Preliminary Approval of Class Action Settlement filed February 29,
26  2008.  Such individual Notice was mailed to all members of the Class who could be
27  identified through reasonable effort, and was the best notice practicable under the
28  circumstances.  This Notice provided due and adequate notice of the proceedings and of the

1 matters set forth therein, including the proposed terms set forth in the Settlement
2 Agreement, to all persons entitled to such Notice.  The Notice fairly and adequately
3 described the settlement and provided the members of the Class adequate instructions and a
4 variety of means to obtain additional information.  The Notice fully satisfied the
5 requirements of due process and applicable law as to the settlement.  No member of the
6 Settlement Class objected to the settlement and no members requested to be excluded from
7 the settlement in a timely manner.  Thus, all Class Members are bound by this Order and
8 the Judgment.

9      6. This Court hereby approves the settlement and finds that the settlement is, in
10 all respects, fair, adequate and reasonable, and directs the Parties to effectuate the
11 settlement according to its terms.  The Court has considered numerous factors, including
12 the opinions and experience of counsel; the procedural history of the case including the
13 litigation status at the time of the settlement; the risk, expense, complexity, and likely
14 duration of further litigation; and the terms negotiated in the settlement.  Accordingly, the
15 Court hereby approves the terms of the settlement as fair, reasonable, adequate and in the
16 best interests of the Parties and the Class.

17      7. As of the Effective Date[1] of settlement, the released claims of each member
18 of the Class, pursuant to the terms of the Settlement Agreement, are and shall be deemed to
19 be fully, finally, and conclusively released as against Defendants, and each member of the
20 Class shall be forever barred and enjoined from prosecuting the released claims.

21

22     [1] The effective date of settlement has been defined in Paragraph 1 as follows:   "Effective Date" means the date by which this Settlement is finally approved as provided herein, and the Court's
23 Final Judgment and Order of Dismissal with Prejudice ("Final Judgment" or "Judgment") becomes final.  For purposes of this paragraph, the Court's Final Judgment "becomes final" upon the later of:
24 (i) the date of final affirmance on an appeal of the Final Judgment; (ii) the expiration of the time for a petition for a writ of certiorari to review the Final Judgment and, if certiorari be granted, the date
25 of final dismissal of any proceeding on certiorari to review the Final Judgment; (iii) if no petition for writ of certiorari is filed, the date of final dismissal of any appeal from the Final Judgment; or (iv) if
26 no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Court's Final Judgment.
27

28

8. The Court hereby dismisses the Litigation on the merits and with prejudice, pursuant to the terms of the Settlement Agreement, against the Named Plaintiff and all members of the Class who have not requested exclusion in favor of Defendant as to all claims asserted.

9. The Court finds that Class Counsel, having conferred a benefit on absent Class Members and having expended efforts to secure a benefit to the Class, is entitled to a fee and accordingly, approves the application of Class Counsel, Law Offices of Cohelan & Khoury and Michael J. Procopio for $125,000.00 for their attorneys' fees and $13,099.14 for their litigation expenses.

10. The Court further approves a payment to the Class Representative, Plaintiff Alia Loh Woo as an enhancement in the amount of $7,500.00 for the initiation of this action, services performed, and the risks undertaken for the payment of attorneys' fees and costs as set forth in the moving papers.

11. The Court also hereby approves payment of the fees and costs of the appointed claims administrator, Administar, LLC of $15,221.47 for services rendered and to be rendered in connection with the completion of its duties pursuant to the settlement.

12. Any separate appeal from the portion of the Judgment regarding the attorneys' fees and litigation costs awards or the Class Representative enhancement award shall not operate to terminate or cancel the Settlement Agreement.

13. Defendants shall deliver, within ten (10) days of the Effective Date, to Administar, LLC., the appointed claims administrator, all sums necessary to pay the Court-awarded attorneys' fees, costs, class representative enhancement, claims administration expenses, claims of all members of the class who submitted valid and timely claims approved for payment and the requisite employer's share of payroll taxes all pursuant to the terms of the Settlement Agreement.

14. The Court further approves and directs Administar Services Group, LLC., within (30) days of the Effective Date, to disburse to those persons and entities

1 | referenced below, in the manner set forth, the following sums:

    A.    Class Representative Enhancement Award to Plaintiff Alia Loh Woo, **$7,500.00** by check mailed to Class Counsel Cohelan & Khoury;

    B.    Law Offices of Cohelan & Khoury and Michael J. Procopio, for Class Counsel's attorneys' fees, **$125,000.00**, by wire transfer;

    C.    Law Offices of Cohelan & Khoury and Michael J. Procopio, for Class Counsel's litigation costs, **$13,099.14**, by wire transfer;

    D.    Administar, LLC, the Claims Administrator, **$15,221.47** for services rendered in connection with its duties and responsibilities to process claims and to disburse payments, perform the necessary tax reporting, respond to continuing inquiries from the class and the Parties to conclude its duties and responsibilities pursuant to the settlement;

    E.    Individual Settlement Payment checks in accordance with the Settlement Agreement to those members of the Class who submitted valid Claim Forms, which were approved for payment, by U.S. First Class Mail.

15.  The Court retains jurisdiction over the administration, interpretation and effectuation of the Settlement including, but not limited to, the ultimate disbursal to the participating Class Members, payment of attorneys' fees and costs, the enhancement award to the Class Representative, and the claims administration expenses.

IT IS SO ORDERED.

DATED: August 25, 2008

*[signature: Marilyn L. Huff]*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT